# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| BETHA THUMMEL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 14-1299-MLB-KGG |
| ) | |
| PSI TRANSPORT, L.L.C., ) | |
| ) | |
| Defendant. ) | |
| ) | |

## ORDER DENYING MOTION TO STAY

Before the Court is Plaintiffs' Motion in which she requests "an order staying all proceedings herein pending resolution of related actual or potential criminal charges" against her. (Doc. 28, 1.) For the reasons set forth below, the Court **DENIES** this motion.

## FACTUAL BACKGROUND

Plaintiff brought the present action, claiming sexual harassment in the workplace, OSHA retaliation, defamation, and violations of the FMLA. (*See generally*, Doc. 1.) Defendant Answered, generally denying Plaintiff's allegations, raising standard affirmative defenses, and bringing counterclaims for misappropriation of money, conversion, breach of fiduciary duty, misrepresentation, mail fraud, and conspiracy. (*See generally*, Doc. 9.)

Plaintiff brings the present motion, arguing that a stay is needed because Defendant's counterclaims "are based on alleged facts that could also give rise to criminal liability" and that "there could be potential 5th Amendment issues that develop and impact discovery." (Doc. 28, at 1.) Plaintiff contends that she has been "contacted by law enforcement representatives and led to believe that criminal charges were imminent." (*Id.*, at 2.)

## DISCUSSION

The Federal Rules of Civil Procedure do not, per se, provide for a stay of proceedings. A court may, however, "make any order which justice requires to protect a party . . . from annoyance, embarrassment, oppression, or undue burden or expense." Fed.R.Civ.P. 26(c). While the rule does not specifically state that pending criminal charges are a basis for imposing a stay, the Court will assume for the sake of this motion that this could arguably fall under the "annoyance" or "embarrassment" factors.

Even so, Plaintiff has failed to establish that a stay of these proceedings is warranted.

> When a party asserts that a civil case should be stayed due to parallel criminal proceedings, the Tenth Circuit has provided the following guidance as to when a stay of the civil case is appropriate:
>
>> The Constitution does not generally require a stay of civil proceedings pending the outcome

>of criminal proceedings, absent substantial prejudice to a party's rights. ***Keating v. Office of Thrift Supervision***, 45 F.3d 322, 324 (9th Cir.1985); ***SEC v. Dresser Indus., Inc***., 628 F.2d 1368, 1375 (D.C.Cir.1980). When deciding whether the interests of justice seem to require a stay, the court must consider the extent to which a party's Fifth Amendment rights are implicated. ***Keating***, 45 F.3d at 324. However, '[a] defendant has no absolute right not to be forced to choose between testifying in a civil matter and asserting his Fifth Amendment privilege.' *Id* at 326. A district court may also stay a civil proceeding in deference to a parallel criminal proceeding for other reasons, such as to prevent either party from taking advantage of broader civil discovery rights or to prevent the exposure of the criminal defense strategy to the prosecution. ***Dresser***, 628 F.2d at 1375–76.
>
>***Creative Consumer Concepts. Inc. v. Kreisler***, 563 F.3d 1070, 1080 (10th Cir.2009).
>          When faced with this situation, courts have considered the extent to which the civil and criminal cases overlap, the status of the criminal case, prejudice to the plaintiff if the case is stayed, the interests of the defendant, and the interests of the public and the Court. ***In re CFS–Related Securities Fraud Litigation***, 256 F.Supp.2d 1227, 1236–37 (N.D. Okla. 2003).

***Bates v. Board of County Comm'rs of Mayes Co.***, No. 13-CV-0805-CVE-FHM, 2014 WL 6836166, at 1-2 (N.D. Okla. 2014).

As an initial matter, Plaintiff cannot establish the requisite "substantial prejudice" or even an overlapping of cases for the simple fact that no criminal

charges have been filed.[1]  Based on the limited argument presented by Plaintiff, the Court is unwilling to rule that when a party brings a civil action asserting claims which could expose the adverse party to criminal liability, the civil case should be placed on hold until that danger has passed.  Plaintiff can sufficiently protect her 5th Amendment rights by invoking privilege.  The Court recognizes the potential legal and tactical consequences this may create.

Further, although Plaintiff requests a stay of 60 days, there is no indication that the threat of criminal action would be resolved within that time.  To the contrary, her motion basically requests an open-ended stay as this initial 60 days would need to be followed by a determination from the Court "whether to continue the stay or if the case is ready to move forward with scheduling and discovery." (Doc. 28, at 2.)  Given the statute of limitations for the crimes potentially implicated by Defendant's counterclaims, the requested stay could last years.  The Court is unwilling to provide such extraordinary relief based on the circumstances presented.

Plaintiffs' Motion for Stay (Doc. 28) is, therefore, **DENIED**.

**IT IS SO ORDERED**.

---

[1] Even if criminal charges are eventually filed, Plaintiff has not established substantial prejudice with the information and arguments contained in the motion presently before the Court.

Dated at Wichita, Kansas, on this 28th day of January, 2015.

                                                S/ KENNETH G. GALE
                                                KENNETH G. GALE
                                                United States Magistrate Judge