IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

```
BETHA THUMMEL,                    )
                                  )
                    Plaintiff,    )    CIVIL ACTION
                                  )
v.                                )    No.  14-1299-MLB
                                  )
PSI TRANSPORT, LLC,               )
                                  )
                    Defendant.    )
                                  )
```

**MEMORANDUM AND ORDER**

This case comes before the court on defendant's motion to dismiss count 3 of plaintiff's amended complaint. (Doc. 22). The motion has been fully briefed and is ripe for decision. (Docs. 23, 27, 31). Defendant's motion is denied for the reasons herein.

**I.  Facts**

Plaintiff was employed by defendant as an office manager. Plaintiff's brother, Jason Thompson, was employed by defendant as a mechanic and shop manager. On March 13, 2014, Thompson filed a complaint with the Occupational Safety and Health Administration (OSHA) regarding safety violations allegedly committed by defendant. Defendant received Thompson's complaint on March 19. Plaintiff's employment was terminated by defendant's manager, Ken Shaffer, who informed plaintiff that the owner, Scott Foote, wanted plaintiff terminated  because of the OSHA complaint.

Plaintiff filed this action alleging defendant terminated her employment in retaliation for Thompson's OSHA complaint. In addition to the retaliation claim, plaintiff alleges that defendant violated the Fair Labor Standards Act, Title VII and the Family and Medical

Leave Act.[1]  Defendant moves for dismissal of the retaliatory discharge claim.

**II.   Motion to Dismiss Standards**

The standards this court must utilize upon a motion to dismiss are well known.  To withstand a motion to dismiss for failure to state a claim, a complaint must contain enough allegations of fact to state a claim to relief that is plausible on its face. Robbins v. Oklahoma, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007)).  All well-pleaded facts and the reasonable inferences derived from those facts are viewed in the light most favorable to plaintiff. Archuleta v. Wagner, 523 F.3d 1278, 1283 (10th Cir. 2008). Conclusory allegations, however, have no bearing upon this court's consideration. Shero v. City of Grove, Okla., 510 F.3d 1196, 1200 (10th Cir. 2007).  In the end, the issue is not whether plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claims. Beedle v. Wilson, 422 F.3d 1059, 1063 (10th Cir. 2005).

**III. Analysis**

Defendant moves to dismiss the retaliatory discharge claim on the basis that Kansas law does not provide whistleblower protection to siblings.[2]  Kansas applies the common law doctrine of employment at will.  See Morriss v. Coleman Co., Inc., 241 Kan. 501, 508, 738 P.2d

---

[1] The alleged facts pertinent to those claims are not relevant to the court's decision on the pending motion.

[2] Defendant also argues that plaintiff cannot maintain a federal whistleblower retaliation claim because OSHA does not create a private cause of action.  Plaintiff responds that her retaliation claim is based on state law.  Therefore, this issue is moot.

-2-

841, 846 (1987).  Unless the parties have an express or implied contract, an employer can end the employment relationship "for good cause, for no cause, or even for a wrong cause."  Id.  The only exceptions to the rule of at-will employment are based on public policy.  See Dickens v. Snodgrass, Dunlap & Co., 255 Kan. 164, 176, 872 P.2d 252, 261 (1994).  The two exceptions are (1) where an employer discharges an employee for exercising rights under the workers' compensation laws; and (2) where an employer discharges an employee for a good faith report or threat to report a serious infraction of rules, regulations, or law pertaining to the public health, safety and the general welfare by a coworker or employer, i.e. whistleblowing. See Ali v. Douglas Cable Comm'rs, 929 F. Supp. 1362, 1387 (D. Kan. 1996).

In Marinhagen v. Boster, Inc., 17 Kan. App.2d 532, 840 P.2d 534 (1992), the Kansas Court of Appeals was faced with the question of whether a plaintiff could maintain a cause of action when he was terminated after his spouse exercised her rights under the workers' compensation laws.  The Kansas Court of Appeals held that the plaintiff could maintain an action for retaliatory discharge, citing to a federal court decision which held that Title VII protected a third party from retaliation based on the filing of a Title VII complaint by a close relative.

Defendant contends that the Marinhagen decision only extends retaliatory discharge claims to spouses and that this court must dismiss the claim because the Kansas state courts have yet to be confronted with this question and federal courts should not create a new cause of action where none exists, citing Satterlee v. Allen

Press, Inc., 443 F. Supp.2d 1236 (D. Kan. 2006) and Haas v. Farmers Ins. Group, 930 F.2d 33, 1991 WL 49768 (10th Cir. Mar. 29, 1991). Satterlee and Haas, however, are distinguishable. In Satterlee, Judge Robinson declined supplemental jurisdiction on the state law claims after granting summary judgment on the federal claims. In declining supplemental jurisdiction, Judge Robinson noted that Kansas courts had not yet addressed the claim raised by the plaintiff.

Defendant also cites Haas for the proposition that the "court did not have authority to confer or create a cause of action under state law where none exists. Further, the court 'cannot, and will not, guess or speculate on whether [a state court] will subsequently adopt or create such a cause of action." (Doc. 31 at 2). Defendant's citation to Haas is an inaccurate representation of the Tenth Circuit's decision. The portions cited by defendant are in fact quotations from the district court's decision which was on review. The Tenth Circuit stated that the language in the district court's order was confusing but held that the district court correctly concluded Oklahoma did not recognize a cause of action pleaded by the plaintiff. The Tenth Circuit did not hold that federal courts have no authority to determine if a cause of action can be maintained under state law. "Absent controlling precedent, the federal court must attempt to predict how the state's highest court would resolve the issue." Royal Maccabees Life Ins. Co. v. Choren, 393 F.3d 1175, 1180 (10th Cir. 2005)(emphasis supplied); see also Fidelity Union Trust Co. v. Field, 311 U.S. 169, 177-178, 61 S. Ct. 176, 178 (1940)(it is the duty of the federal courts to ascertain and apply state law "even though it has not been expounded by the highest court of the State.")

-4-

Turning to the issue, this court must determine whether the Kansas Supreme Court would hold that a plaintiff who was terminated after a sibling filed an OSHA complaint could maintain a claim for whistleblowing under Kansas law.  Absent the Marinhagen decision, Kansas courts have not been confronted with a retaliatory discharge claim concerning a third-party reprisal.  The Supreme Court, however, recently addressed the issue with respect to Title VII.  In Thompson v. N. Am. Stainless, LP, 131 S. Ct. 863 (2011), the plaintiff alleged that he was terminated after his fiancee filed a gender discrimination charge with the EEOC.  The Supreme Court held that the plaintiff could maintain an action for retaliation under Title VII.  The Supreme Court declined to identify a "fixed class of relationships for which third-party reprisals are unlawful" but held that "firing a close family member will almost always meet the Burlington standard."  Id. at 868.

In Marinhagen, the Kansas Court of Appeals turned to federal decisions applying Title VII to determine whether a spouse had a claim for retaliatory discharge.  The Court of Appeals quoted a District of Columbia decision which held that allowing an employer to retaliate against a third party would deter persons from exercising their rights under Title VII.  De Medina v. Reinhardt, 444 F. Supp. 573 (D.D.C. 1978).  In adopting the reasoning in De Medina, the Court of Appeals held that Kansas law would be similarly frustrated if an employer was allowed to retaliate against a spouse who exercised their rights under Kansas law.  Therefore, the court believes that Kansas courts would be persuaded by the Thompson decision and agree that firing a close family member, specifically a sibling, in retaliation for filing an

OSHA complaint is sufficient to state a claim of retaliatory discharge.

Plaintiff's amended complaint alleges that plaintiff was terminated because plaintiff's brother filed a complaint with OSHA. Therefore, plaintiff has sufficiently alleged an action for retaliatory discharge under Kansas law.

**IV. Conclusion**

Defendant's motion to dismiss count 3 of the amended complaint is denied. (Doc. 22).

A motion for reconsideration of this order is not encouraged. Any such motion shall not exceed 3 double-spaced pages and shall strictly comply with the standards enunciated by this court in <u>Comeau v. Rupp</u>, 810 F. Supp. 1172, 1174 (1992). The response to any motion for reconsideration shall not exceed 3 double-spaced pages. No reply shall be filed.

IT IS SO ORDERED.

Dated this __4th__ day of February 2015, at Wichita, Kansas.

                                                s/ Monti Belot
                                                Monti L. Belot
                                                UNITED STATES DISTRICT JUDGE