# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

BETHA THUMMEL,                )
                              )
        Plaintiff,          )   Case No. 14-1299-EFM-KGG
vs.                           )
                              )
PSI TRANSPORT, L.L.C.,        )
                              )
        Defendants.         )
_____)

## ORDER DENYING MOTION TO AMEND COMPLAINT

Before the Court is the Plaintiff's Motion to Amend Complaint (Doc. 89) to add a tort claim based on the theory of spoliation. Because the proposed amendment would be futile, the motion is DENIED.

## FACTUAL BACKGROUND

This action arises out of the employment and discharge of Plaintiff by the Defendant, PSI. The actions currently plead under the Amended Complaint (Doc. 16) are violations of the fair labor standards act, a failure to pay overtime wages, sexual harassment in violation of Title VII (42 U.S.C. §§2000e), retaliatory discharge (whistleblowing), defamation, and violations of the Family and Medical Leave Act.

The Defendant asserts a counter-claim against Plaintiff alleging misappropriation of company funds. (Doc. 18.) Causes of action in the

Counterclaim include unjust enrichment for money had and received, conversion, breach of fiduciary duty, misrepresentation, mail fraud and civil conspiracy.

Collateral to this case, a criminal action was filed against Plaintiff by the State of Kansas based on PSI's claims of embezzlement. That case proceeded to trial in October of 2017. Part of the defense at that trial included a claim by Plaintiff, supported by expert testimony, that data on a computer hard drive which was destroyed by PSI would have established a defense to the criminal claims. Plaintiff was found guilty at trial on several counts. Plaintiff states in her reply that the conviction is currently being appealed.

The proposed Second Amended Complaint (Doc. 89-1, Count VI) purports to allege a cause of action for "Spoliation of Evidence." It alleges that Defendant has a duty to preserve evidence for the criminal case under K.S.A. § 21-5905, which prohibits destruction of evidence in a criminal case. There was also a letter request for the preservation of evidence in this civil case. Plaintiff alleges that the Defendant "caused" the computer hard-drive data to be destroyed. Plaintiff alleges that, as a result, she was "unable to defend all the criminal embezzlement charges against her." She requests damages, apparently for being convicted of the criminal charges. In her reply, Plaintiff suggests her claim may include her failure to defend the current counter claims.

## ANALYSIS

A.   **Standard for Consideration of the Motion**

Federal Rule 15(a) provides, in pertinent part, that "a party may amend its pleading only with the opposing party's written consent or the court's leave." In the absence of any apparent or declared reason, such as undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment, leave to amend should be freely given, as required by the federal rule. ***Foman v. Davis***, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962); ***Frank v. U.S. West, Inc***., 3 F.3d 1357, 1365 (10th Cir.1993).

A court is justified in denying a motion to amend as futile if the proposed amendment could not withstand a motion to dismiss or otherwise fails to state a claim. ***Ketchum v. Cruz***, 961 F.2d 916, 920 (10th Cir.1992); *see* 6 Wright, Miller & Kane, FEDERAL PRACTICE AND PROCEDURE § 1487 at 642 (1990).

B.   **Kansas Does Not Recognize a Tort of Spoliation Independent of an Underlying Cause of Action**

This Court has previously rejected the recognition of an independent tort of spoliation. ***Nkemakolam v. St. John's Military School***, 890 F.Supp.2d 1260 (2012), based on guidance from the Kansas Supreme Court in ***Superior Boiler Works, Inc. v. Kimball***, *et al*, 292 Kan 885, 259 P.2d 676 (2011) and ***Koplin v. Rosel Well Perforators, Inc***., 241 Kan. 206, 734 P.2d 1177 (1987). *See also* ***Foster v. Lawrence Memorial Hospital***, 809 F.Supp. 831 (D. Kan. 1992). Some

Courts have acknowledged in dicta, but not yet recognized, a possible narrow exception in cases in which there is a special relationship between the parties which would create a separate duty in either tort or contract to preserve information. This Court is doubtful that such an action exists. Even if available, however, it would not be cognizable under these facts.

Generally, the principal of spoliation of evidence recognizes a procedural remedy in civil cases in which an opposing party has failed to preserve or has destroyed evidence. *See generally* **Oldenkamp v. United American Ins. Co.**, 619 F.3d 1243 (10th Cir. 2010). This is based on the general duty of a party to preserve evidence or follows a specific demand to preserve evidence. Not a separate cause of action, spoliation of evidence may result in a procedural remedy within the litigation as a sanction. Depending on the nature of the violation of the duty, such a sanction generally is in the form of a jury instruction that the missing evidence would have been favorable to the injured party.

A substantive duty to preserve evidence, rather than a procedural duty, would be required to support a separate cause of action. If such an action is eventually recognized, a substantive duty might theoretically include a contractual obligation or bailment which creates a special obligation or a fiduciary duty to act on behalf of a person to hold or protect information. As Kansas courts have not yet been presented with a qualifying duty, the possibility of the recognition of such an

action is speculative. It would, however, presumably follow the nature of the duty, either breach of contract or in tort. Plaintiff has cited no legal authority recognizing a substantive obligation of an employer to an employee to preserve the type of data at issue in this case.

A procedural duty to preserve evidence relating to particular litigation will not support a separate tort. The remedy for the intentional violation of such a duty is generally a procedural remedy in the litigation. *See **Aramburu v. Boeing**,* 112 F.3d 1398, 1407 (1997). The duty cited in this case is a Kansas criminal statute prohibiting interfering with a criminal case by destroying evidence. This is a procedural duty, the remedies for which are limited to those in the Kansas State criminal realm. In fact, this was presented in the State criminal case. There is, of course, a separate duty to preserve evidence in the civil case at bar. However, the remedy for a violation of that procedural duty, if proven, would be an appropriate jury instruction or other procedural remedy in this case.

The proposed amendment is futile. The Motion to Amend (Doc. 89) is, therefore, **DENIED**.

**IT IS ORDERED**.

S/ KENNETH G. GALE
Kenneth G. Gale
United States Magistrate Judge